IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:08CR177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DAVID D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 68. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The record indicates that defendant pled guilty to Count II of the indictment for distribution of 5 grams or more of cocaine base, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1). *See* Filing Nos. 1 and 18. The court sentenced the defendant to the custody of the Bureau of Prisons for 30 months followed by 4 years supervised release with special conditions. *See* Filing No. 48, Judgment in Criminal Case.

In his § 2255 motion, the defendant alleges a claim of ineffective assistance of counsel. To assert his claim, the defendant argues that he received ineffective assistance of counsel because his attorney's performance fell below the objective standard of reasonableness the Supreme Court defined in *Strickland*. *See Strickland v. Washington*, 466 U.S. 668, 690-691 (1984). *See* Filing No. 68.

It does not plainly appear from the motion and the record of prior proceedings that the

defendant is not entitled to relief. Therefore, the court will order the United States to respond by filing an answer to the defendant's claims.

THEREFORE, IT IS ORDERED:

1. That upon initial review, the court finds that summary dismissal of the defendant's § 2255 motion is not required.

2. That within 30 days of the date of this order, the United States shall file an answer to the defendant's § 2255 motion, supported by a brief.

3. That the defendant shall have 30 days from the filing of the government's answer and brief to file a responsive brief.

4. The court will appoint counsel for the defendant in this case. The Federal Public Defender for the District of Nebraska is appointed to represent the defendant in this matter. In the event that the Federal Public Defender accepts this appointment, the Federal Public Defender shall forthwith file a written appearance in this matter. In the event the Federal Public Defender should decline this appointment for reason of conflict or on the basis of the Criminal Justice Act Plan, the Federal Public Defender shall forthwith provide the court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district. The Clerk's Office shall forward a copy of this order to Federal Public Defender's Office.

DATED this 29th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge